**D'ARCAMBAL OUSLEY & CUYLER BURK LLP**
Four Century Drive, Suite 250
Parsippany, NJ 07054
(973) 734-3200
(973) 734-3201
By: Nada M. Peters, Esq.
    Lisa M. Gonzalo, Esq.
Attorneys for Defendant, Wal-Mart Stores East, LP
(improperly pled as Walmart)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRITTANY POPE,<br><br>                Plaintiff,<br><br>vs.<br><br>WALMART, RODNEY M. HUNTER, JR., RICHARD ROE(S) and/or XYZ COMPANY(S), (said names being fictitious),<br><br>                Defendants. | Civil Action No.: 2:21-cv-20479<br><br>**NOTICE OF REMOVAL** |

        Defendant, Wal-Mart Stores East, LP (improperly pled as Walmart), by and through its undersigned counsel, for the purpose of removing this cause pursuant to 28 U.S.C. § 1441, respectfully submits this Notice of Removal pursuant to 28 U.S.C. § 1446.  Walmart appears solely for the purpose of removal and for no other purpose, reserving all other defenses available to it.  By way of providing the Court with the basis for Walmart's request for removal, Walmart respectfully submits the following short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon Walmart in such action:

        1.      <u>State Court Action</u>.  Plaintiff, Brittany Pope ("Plaintiff"), filed the above-captioned action against Defendants, Walmart and Rodney M. Hunter, Jr., in the Superior Court of New

Jersey, Law Division, Essex County, New Jersey, on or about May 18, 2021, in a matter pending as docket number ESX-L-003943-21.  Copies of all process, pleadings, and orders served upon Walmart are attached hereto as **Exhibit A** in accordance with 28 U.S.C. § 1446(a).  A copy of Walmart's Answer filed in this action is attached hereto as **Exhibit B**.

2.  Allegations in the Complaint.  In the Complaint, Plaintiff assert claims against Defendants alleging that she was injured at a Walmart store in Union, New Jersey on June 30, 2020, and as a result, suffered serious permanent and personal injuries. Specifically, Plaintiff alleges that she was maliciously stricken by Defendant, Rodney M. Hunter, Jr., and further alleges that Defendant Walmart negligently allowed her to be struck on the premises, failed to provide a safe environment and allowed a "dangerous condition" to occur on the premises.  The Complaint does not specify the nature of Plaintiff's alleged injuries and/or the amount of damages being claimed.  See **Exhibit A**.

3.  Defendants.  Walmart and Rodney M. Hunter, Jr. are named as defendants.  Other than fictitious defendants, no other defendants are named. On December 4, 2021, Defendant, Rodney M. Hunter, Jr. was dismissed from the state court case for lack of prosecution and therefore there are currently no other non-fictitious defendants named in this action. (See Lack of Prosecution Dismissal Order as to Defendant, Rodney M. Hunter, Jr., dated December 4, 2021. Attached hereto as **Exhibit C**.)

4.  Federal Court Subject Matter Jurisdiction.  28 U.S.C. § 1441(a) provides the basis for removal jurisdiction to this Court as this is a state court action over which this Court has original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship).  28 U.S.C. § 1332 confers subject matter jurisdiction over cases in which there is complete diversity between Plaintiff and Defendants, and in which the amount in controversy equals or exceeds $75,000.00.

Wal-Mart Stores East, LP (improperly pled as "Walmart") is a limited partnership organized and existing under the laws of Delaware, of which WSE Management, LLC, a Delaware limited liability company, is the general partner, and WSE Investment, LLC, a Delaware limited liability company, is the limited partner. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC, an Arkansas limited liability holding company with its principal place of business located in Arkansas. Walmart Inc. is the sole member of Wal-Mart Stores East, LLC. Walmart Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business in Arkansas. According to the Complaint, Plaintiff is a citizen of New Jersey, residing in Newark, New Jersey. Upon information and belief, dismissed Defendant Rodney M. Hunter, Jr., who Walmart may seek to bring into this federal action as a third-party defendant (if he can be located and served), is domiciled in New York.

Furthermore, this Court has diversity jurisdiction because the amount in controversy exceeds $75,000. More specifically, Plaintiff seeks damages in this matter in the amount of $2,000,000 as to each count of the Complaint. (See Letter from Plaintiff's counsel to Defendant Walmart's counsel dated December 6, 2021 and received by Defendant on December 6, 2021 identifying Statement of Damages, attached hereto as **Exhibit D.**)

Accordingly, for the reasons set forth above, Walmart respectfully submits that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties are of diverse citizenship and Plaintiff's claims meet the jurisdictional limit of $75,000.

5.      Timely Filing. A copy of the Summons and Complaint was served on Walmart on or about June 2, 2021. Nevertheless, this case was not initially removable based on the vague allegations in the Complaint. On August 9, 2021, Walmart filed and served Plaintiff with an Answer to the Complaint, which contained a request that Plaintiff provide a Statement of Damages.

(See **Exhibit B**.)  On December 6, 2021, Plaintiff served her Statement of Damages asserting damages in this matter in the amount of $2,000,000 as to each count of the Complaint, which was received by Walmart on December 6, 2021. (See Letter providing Statement of Damages attached hereto as **Exhibit D**.)

Accordingly, the filing of this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) insomuch as it is filed within thirty (30) days of receipt of Plaintiff's Statement of Damages, notifying Walmart that the amount in controversy exceeds the amount specified in 28 U.S.C. § 1332(a) and thus that this action is removable.  See Rahwar v. Nootz, 863 F. Supp. 191 (D.N.J. 1994) (finding that Statement of Damages qualifies as "other paper" as contemplated by 28 U.S.C. § 1446(b)(3)).

6. State Court Documents Attached. Copies of all process, pleadings and orders served upon Defendants are annexed hereto as **Exhibit A** in accordance with 28 U.S.C. § 1446(a).

7. Proper Venue.  Venue for removal is proper in this district because this is the district embracing the Superior Court of New Jersey, Law Division, Essex County, New Jersey, the forum in which the removed action was pending.

8. Notice to Plaintiff and State Court.  Promptly upon filing this Notice of Removal with this Court, Walmart, through its undersigned counsel, will give written notice hereof to Plaintiff, per her counsel, and will file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Essex County, New Jersey.

10. Relief Requested. Walmart respectfully gives notice that this action is to be removed from the Superior Court of New Jersey, Law Division, Essex County, New Jersey, to the United States District Court for the District of New Jersey.

**WHEREFORE**, Defendant, Walmart, hereby removes this action, currently pending as Docket Number ESX-L-003943-21 in the Superior Court of New Jersey, Law Division, Essex County, New Jersey.

Dated:  December 13, 2021                             /s/ Nada M. Peters
                                                      Nada M. Peters, Esq.
                                                      Lisa Gonzalo, Esq.
                                                      **D'ARCAMBAL OUSLEY & CUYLER BURK, LLP**
                                                      Four Century Drive | Suite 250
                                                      Parsippany, New Jersey 07054
                                                      Tel.: 973.734.3200
                                                      Fax: 973.734.3201
                                                      Email: npeters@darcambal.com
                                                      Attorneys for Defendant, Walmart

## **LOCAL CIVIL RULE 11.2 VERIFICATION**

Other than the action filed in the Superior Court of New Jersey, Law Division, Essex County, which is the subject of this Notice of Removal, the matter in controversy, to the best of the Attorneys for Defendant, Walmart's, knowledge, information and belief, is not the subject of any other action pending in any court, or of any other pending arbitration or administrative proceeding.

Dated:  December 13, 2021                                /s/ Nada M. Peters
                                                                         Nada M. Peters, Esq.