UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRITTANY POPE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WALMART, et al.,<br><br>　　　　　Defendants. | Civil Action No.<br><br>21-cv-20479 (MCA) (JRA)<br><br>**REPORT AND RECOMMENDATION** |

## I.　INTRODUCTION

Plaintiff Brittany Pope moves to remand this action to the Superior Court of New Jersey. ECF No. 4. The Court must consider two issues: (1) whether Defendant Wal-Mart Stores East, LP ("Walmart"), timely served its Notice of Removal; and (2) whether Walmart was required to obtain the consent of a co-defendant who had been dismissed from the action at the time the Notice of Removal was filed. The Honorable Madeline Cox Arleo, U.S.D.J., referred this motion to the Undersigned for a Report and Recommendation. The Undersigned has considered the motion on the papers without oral argument. *See* Fed. R. Civ. P. 78(b); L.Civ.R. 78.1(b). For the reasons discussed below, the Undersigned respectfully recommends that Plaintiff's motion be **DENIED**.

## II.　BACKGROUND

On May 18, 2021, Plaintiff filed a Complaint in the Superior Court of New Jersey, Law Division, Essex County, alleging that, on or about June 30, 2020,

Defendants "Rodney M. Hunter, Jr., and/or Richard Roe(s) did maliciously strike"[1] her while on the premises of a Walmart store in Union, New Jersey. Compl. at ¶¶ 1-3, ECF No. 1–1. Plaintiff alleges that Walmart was negligent, careless, and reckless in preventing or allowing the attack. Compl. at ¶ 11. The Complaint does not describe the alleged attack or any specific injury that Plaintiff sustained. But it does aver, in general terms, that Plaintiff "suffered severe and grievous injuries, pain and suffering, bodily injuries, [and] emotional and mental trauma resulting in damages." *Id.* at ¶¶ 4, 7, 12. The Complaint also does not specify the amount of damages that Plaintiff seeks, but it states that she "was and will be prevented from attending to usual pursuits and was compelled to undergo great expense in procuring medical services and supplies in endeavoring to effect a cure or relief for the injuries and [she] has suffered and will continue to suffer losses and expenses and loss of earnings." *Id.*

Plaintiff served Walmart with a copy of the Complaint on June 3, 2021.[2] ECF No. 4 at ¶ 7. On August 9, 2021, Walmart filed an Answer while the matter remained in state court. *Id.* at ¶ 8; ECF No. 5 at 2. In its Answer, Walmart included a Demand for Statement of Damages under Rule 4:5-2 of the Rules Governing the Courts of the State of New Jersey ("New Jersey Court Rules"), which requested that Plaintiff "provide a written statement of her claimed damages" within five days from the filing of the Answer. ECF No. 1–2 at 9. Walmart's request went unanswered. On

---

[1] It appears that "Richard Roe(s)" is either a fictitious defendant or an alias. The Complaint does not provide additional details.

[2] Walmart asserts that it was actually served with process on June 2, 2021. ECF No. 5 at 2-3. However, the precise date of service is irrelevant for purposes of the instant motion.

November 15, 2021, Walmart sent Plaintiff a letter again requesting that Plaintiff produce a Statement of Damages. ECF No. 5–1, Ex. C. On December 6, 2021, Plaintiff provided a Statement of Damages to Walmart that sought damages in the amount of $2,000,000. ECF No. 1–4.

Between May 18, 2021, when the Complaint was filed, and December 6, 2021, when Plaintiff produced a Statement of Damages, few documents were available to help Walmart assess Plaintiff's potential damages. The first of those documents was a police report taken the day of the altercation between Plaintiff and Hunter. That report described Plaintiff's injury as a "small laceration, approximately half an inch in size, to the left side of her chin." ECF No. 5–1, Ex. A. The report also noted that Plaintiff declined immediate medical attention and that she was escorted to her vehicle. *Id.* The second set of documents relevant for evaluating Plaintiff's damages consisted of her responses to interrogatories and medical bills. ECF No. 5–1, Ex. B. In her responses, Plaintiff stated that she sustained injuries to the head area and required stitches and braces. *Id.* She also noted that she suffers from anxiety and depression as a result of the attack. *Id.* Finally, the medical bills appear to reflect expenses in the amounts of $3,600.88, $1,750.00, and $8,365.80 for treatment at one medical center that she visited after the alleged attack. *Id.*

On December 13, 2021, seven days after it received a Statement of Damages from Plaintiff, Walmart filed a notice of removal to remove the action to this Court. ECF No. 1. The Notice of Removal was not signed by Hunter. *See id.* Walmart avers that it acted alone in its removal because on December 4, 2022, the Essex County

Superior Court dismissed Hunter from the action without prejudice for lack of prosecution. ECF No. 1–3. On January 12, 2022, Plaintiff filed the instant motion to remand ("Motion to Remand"). ECF No. 4. Recently, on June 28, 2022, Walmart filed a Third-Party Complaint against Hunter, thereby reinstating him to this action as a third-party defendant. ECF No. 8.

### III. ANALYSIS

In her Motion to Remand, Plaintiff argues that: (1) Walmart's Notice of Removal was untimely; and (2) the Notice of Removal was procedurally defective because Hunter did not join in or otherwise consent to removal. *See* ECF No. 4 at ¶¶ 11-12. The Undersigned will address each of Plaintiff's arguments in turn.

A decision to remand is dispositive. *In re U.S. Healthcare,* 159 F.3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court."). Accordingly, this Court addresses the Plaintiff's motion via this Report and Recommendation.

#### A. Timeliness of Removal.

At issue here is whether Walmart's Notice of Removal was timely. It was. An action brought in a state court can be removed to federal court based on the parties' diversity of citizenship. 28 U.S.C. § 1332(a). To do so, the removing defendant must show that, among other things, the amount in controversy is greater than $75,000, "exclusive of interest and costs." *Id.*; *see also Chrin v. Ibrix, Inc.*, 293 F. App'x 125, 127 (3d Cir. 2008).

Once an action is removed, a plaintiff may move to remand the matter back to state court based on "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." *Scott v. Estes Express Lines, Inc.*, No. 17-cv-0963, 2017 WL 4268039, at *1 (D.N.J. Sep. 26, 2017) (citing *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993)). The Third Circuit has noted that removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (quoting *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)). "An action that has been removed can be remanded to state court, pursuant to 28 U.S.C. § 1447(c), if the removal procedure was defective." *Peters v. Stop & Shop*, No. 13-cv-6085, 2013 WL 5781199, at *2 (D.N.J. Oct. 25, 2013). Failure to timely file a notice of removal "is sufficient grounds to remand an action to state court." *Id.*

Typically, a notice of removal of a civil action must be filed by a defendant within thirty days of receiving the complaint. 28 U.S.C. § 1446(b)(1). However, where it is not evident from the face of the complaint that a case is removable, "a notice of removal may be filed within thirty days after receipt by Defendants . . . of a copy of an amended pleading, motion, order **or other paper from which it may be first ascertained that the case is one which is or has become removable**." *Aviles v. Tilson*, No. 18-cv-1940, 2018 WL 4489681, at *2 (D.N.J. Sept. 19, 2018) (emphasis added) (quoting 28 U.S.C. § 1446(b)(3)). The thirty-day period is not so simple to calculate where, as here, the face of a complaint does not specify the damages sought and does not otherwise make clear that the amount in controversy exceeds $75,000.

District Courts in New Jersey have taken two approaches to determining when the thirty-day period begins to run: (1) a "bright-line" approach; and (2) a "subjective-inquiry" approach. *Riconda v. U.S. Foods, Inc.*, No. 19-cv-1111, 2019 WL 1974831, at *5 (D.N.J. May 3, 2019).

Under the "bright-line" approach, the thirty-day period for removal begins to run when "the defendant receives a document that clearly states the amount in controversy is more than $75,000." *Worldwide Exec. Job Search Sols. v. North Bridge Grp.*, No. 17-cv-1907, 2017 WL 5762392, at *2 (D.N.J. Nov. 27, 2017); *see also Cintron v. Wal-Mart Stores East, LP*, No. 19-cv-21406, 2020 WL 3264052, at *2 (D.N.J. June 17, 2020). In these cases, "the relevant test is not what the defendants purportedly knew [with respect to the amount in controversy], but what [the pleadings or other documents] said." *Riconda*, 2019 WL 1974831, at *5 (alterations in original).

In contrast, under the "subjective-inquiry" approach, the thirty-day period for removal begins to run when a defendant "can reasonably and intelligently conclude from the pleadings that the amount in controversy exceeds the jurisdictional minimum." *Carroll v. United Airlines, Inc.*, 7 F. Supp. 2d 516, 521 (D.N.J. 1998). For example, if a "plaintiff sued based on the loss of a limb, could the defendant really say that it 'first' learned the damages were potentially in excess of $75,000 when it later received a formal statement of damages?" *Riconda*, 2019 WL 1974831, at *7. Given the severity of such an injury, the answer would be no.

The Third Circuit has not ruled on the question of which approach courts in this District should apply, but it has noted in *dicta* that the majority of circuit courts

apply some form of the bright-line approach. *See Judon v. Travelers Prop. Cos. Co. of Am.*, 773 F.3d 495, 509 n.13 (3d Cir. 2014).[3] The court in *Riconda* explained in depth the advantages and disadvantages of both approaches. *Riconda*, 2019 WL 1974831, at *4-7.

This Court need not resolve whether the bright-line approach is preferred over the subjective-inquiry approach. Here, both approaches lead to the same conclusion—that Walmart's Notice of Removal was timely. Under the bright-line approach, on December 6, 2021, Plaintiff provided a Statement of Damages to Walmart, making clear for the first time that she sought damages in the amount of $2,000,000. ECF No. 1–4. On December 13, 2021—just 7 days later—Walmart filed a notice of removal to remove the action to this Court. ECF No. 1. Therefore, Walmart filed its Notice of Removal within the thirty-day period after it first received a document that clearly stated that the amount in controversy exceeds $75,000.

Under the subjective-inquiry approach, the result is the same. In *Aviles*, for example, the court denied the plaintiff's motion to remand in a case substantially similar to this one. 2018 WL 4489681, at *4. There, the plaintiff alleged that he suffered "serious injuries" due to a motor vehicle accident caused by the individual defendant and the company that owned the vehicle. *Id.* at *1. He specifically alleged that he:

---

[3] Notably, the Seventh Circuit in *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013) collected cases from the Second, Fourth, Fifth, Eighth, Ninth, and Tenth Circuits demonstrating that each had adopted "some form of a bright-line rule that limits the court's inquiry to the clock-triggering pleading or other paper and, with respect to the jurisdictional amount in particular, requires a specific, unequivocal statement from the plaintiff regarding the damages sought."

7

> suffer[ed] severe personal injuries, both temporary and permanent . . . significant limitations of use of body functions or systems . . . severe pain, anguish and emotional distress, [and] has in the past and will in the future be incapacitated, limited and restricted in his normal activities and occupations, and . . . be caused to expend substantial sums of money for medical treatment in an effort to relieve his pain and cure his injuries.

*Id.* When the defendants filed an answer—three months after the complaint and amended complaint had been filed—they requested a Statement of Damages. *Id.* One month later, the defendants again reminded the plaintiff about their request for a Statement of Damages. *Id.* When the plaintiff responded, approximately eight days later, he demanded relief in the amount of $1,000,000. *Id.* Eleven days after that, the defendants filed their notice of removal. *Id.* Applying the subjective-inquiry approach, the court concluded that "the allegations in both complaints are so vague the amount in controversy is not facially apparent." *Id.* at *3. The court further noted that "no references were made specifying the type of medical treatment required for any particular injury suffered to put Defendants on notice of damages exceeding the federal jurisdictional amount." *Id.*

Likewise, here it cannot be said that Plaintiff's Complaint alleges sufficient facts from which a defendant can "reasonably and intelligently conclude from the pleadings that the amount in controversy exceeds the jurisdictional minimum." *Carroll*, 7 F. Supp. 2d at 521. The Complaint contains only boilerplate language. Like in *Aviles*, the Complaint here alleges, without specifying the extent and nature of her injuries, that Plaintiff "suffered severe and grievous injuries, pain and

suffering, bodily injuries, [and] emotional and mental trauma resulting in damages." Compl. at ¶¶ 4, 7, 12. The Complaint also alleges—without more—that Plaintiff "was compelled to undergo great expense in procuring medical services and supplies" and "will continue to suffer losses and expenses and loss of earnings." *Id.* But the Complaint is devoid of any specific allegation from which a reasonable defendant could interpret what Plaintiff meant by "great expense"—a term that has a relative meaning.

Further, like in *Aviles*, Walmart tried twice to determine Plaintiff's damages through a Demand for Statement of Damages. ECF No. 1–2 at 9; ECF No. 5–1, Ex. C. Plaintiff did not comply with these requests until December 6, 2021. In the interim, the only information Walmart could rely on to assess damages were: (1) a police report that described Plaintiff's injury as a "small laceration" and noted that she refused immediate medical attention; (2) her own description of her injuries provided in response to Walmart's interrogatories; and (3) three medical bills totaling approximately $13,717. ECF No. 5–1, Exs. A, B. Given the general allegations in the Complaint and the paucity of evidence relating to Plaintiff's medical expenses that Walmart received until Plaintiff provided a Statement of Damages, Walmart could only speculate as to the amount in controversy. Such speculation is insufficient under *Carroll*, which calls for a "reasonabl[e] and intelligent[]" conclusion. 7 F. Supp. 2d at 521.

Having found that under the bright-line and subjective-inquiry approaches Walmart's Notice of Removal was timely, the Undersigned respectfully recommends that Plaintiff's Motion to Remand be denied.[4]

**B. Consent to Removal.**

Plaintiff next argues that Walmart's removal was procedurally defective because Hunter did not sign the Notice of Removal or otherwise provide any other indication that he consented to the removal of this action to this Court. ECF No. 4 at ¶ 12. The Undersigned disagrees.

When an action is removed to federal court pursuant to 28 U.S.C. § 1441, as here, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Here, on December 4, 2021, the Superior Court dismissed the matter without prejudice as to Hunter for lack of prosecution. ECF No. 1–3. Walmart did not file a Notice of Removal until December 13, 2021. ECF No. 1. Plaintiff's argument, therefore, fails because Hunter was not even a defendant, much less a properly joined and served defendant, at the time the Notice of Removal was filed.[5] Accordingly, the Undersigned recommends

---

[4] The Undersigned recognizes that other cases in this District have applied the subjective-inquiry approach and found that general claims of severe injury are sufficient to place a defendant on notice that the amount in controversy exceeds $75,000. *See, e.g.*, *Fagan v. Wal-Mart Stores, Inc.*, No. 21-cv-10363, 2021 WL 3056620, at *3-4 (D.N.J. June 29, 2021) (collecting cases)). It is not necessary to compare each of those cases to this one. The subjective-inquiry approach requires a fact-intensive analysis, which here, just like in *Aviles*, leads to the conclusion that under the totality of the circumstances neither the Complaint nor other papers available to Walmart prior to the Statement of Damages gave it sufficient notice that the amount in controversy would exceed $75,000.

[5] Even setting aside Hunter's dismissal from the Superior Court action for lack of prosecution, Hunter was not properly served as an out-of-state defendant under New Jersey Court Rule 4:4-4(b). As Plaintiff avers, service was merely *attempted* upon Hunter, albeit unsuccessfully as his whereabouts and residence remain unknown. ECF No. 4 at ¶ 4.

10

that the District Court find that Hunter was not a "properly joined and served" defendant for purposes of Walmart's removal and, thus, the Motion to Remand should be denied.[6]

## IV.   CONCLUSION

For the reasons set forth above, this Court respectfully recommends that the District Court **DENY** Plaintiff's Motion to Remand. The parties have fourteen days to file and serve objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); L.Civ.R. 72.1(c)(2).

HON. JOSÉ R. ALMONTE
UNITED STATES MAGISTRATE JUDGE

Dated: July 29, 2022

---

[6] On June 28, 2022, Walmart filed a Third-Party Complaint against Hunter. ECF No. 8. On July 6, 2022, Walmart represented to the Court that adding Hunter as a third-party defendant did not alter the analysis regarding the pending motion to remand. ECF No. 10. On July 21, 2022, during a status conference with the Undersigned, the Plaintiff confirmed that she was not going to submit further briefing on this issue. Therefore, the addition of Hunter as a third-party defendant is not at issue here.